[Cite as *State v. Petric*, 2026-Ohio-2458.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.    25CA012340 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL PETRIC | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    07CR074795 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2026

FLAGG LANZINGER, Judge.

{¶1} Defendant-Appellant, Daniel Petric, appeals from the judgment of the Lorain County Court of Common Pleas denying his motion for a new trial. We affirm.

I.

{¶2} In December 2007, a Lorain County grand jury indicted Petric on the following charges: (1) aggravated murder in violation of R.C. 2903.01(A) with a firearm specification, (2) murder in violation of R.C. 2903.02(A) with a firearm specification, (3) murder in violation of R.C. 2903.02(B) with a firearm specification, (4) attempted aggravated murder in violation of R.C. 2923.02(A) with a firearm specification, (5) attempted murder in violation of R.C. 2923.02(A) with a firearm specification, (6) attempted murder in violation of R.C. 2923.02(B) with a firearm specification, (7) two counts of felonious assault in violation of R.C. 2903.11(A)(1), both with a firearm specification, (8) two counts of felonious assault in violation of R.C. 2903.11(A)(2), both with firearm specifications, and (9) tampering with evidence in violation of R.C. 2921.12(A)(1).

{¶3} Following a bench trial in February 2009, the court found Petric guilty on all counts and sentenced Petric to an aggregate term of 23 years to life in prison—the minimum sentence allowed by law. In 2015, Petric filed a motion for a delayed appeal. This Court denied the motion and dismissed the attempted appeal.

{¶4} On June 16, 2025, Petric filed a pro se motion for leave to file motion for new trial and the motion for new trial. In his motions, Petric argued he was entitled to a new trial based on newly discovered evidence. In support, he submitted the "DECLARATION of DOUGLAS A. GENTILE[.]" Within his declaration, Douglas A. Gentile declares he is a distinguished professor of psychology with a MA and PhD in child psychology. As described by the trial court:

> Dr. Gentile's Declaration is a 46-page document that purports to discuss the issue of "Gaming Disorder," and its effect on the human brain. The Declaration also consists of 12 pages of References. In addition, the Defendant has attached Dr. Gentile's CV.

Petric's motion did not explain the significance of the alleged newly discovered evidence. The State opposed both motions. The trial court granted Petric's motion for leave but denied his motion for a new trial on the basis that Dr. Gentile's declaration would not have changed the results of Petric's trial.

{¶5} Petric appealed, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ABUSED IT[S] DISCRETION BY DISMISSING [PETRIC'S] MOTION FOR A NEW TRIAL, AND BY DISMISSING THE SAME WITHOUT HOLDING A HEARING IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS.**

{¶6} In his assignment of error, Petric contends the trial court abused its discretion when it denied his motion for a new trial and when it failed to hold a hearing. We disagree.

{¶7}    "This Court has consistently held that an appellate court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard." *State v. Kilgore*, 2025-Ohio-593, ¶ 7 (9th Dist.).  This Court likewise reviews a trial court's decision to hold an oral hearing on a motion for a new trial under an abuse of discretion standard.  *See id.* at ¶ 21; accord *State v. Bostick*, 2025-Ohio-5559, ¶ 19.  An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8}    Crim.R. 33(A)(6) permits a defendant to move for a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."  To warrant the granting of a motion for a new trial based upon newly discovered evidence, a defendant must show that the evidence:

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Tolliver*, 2017-Ohio-4214, ¶ 18 (9th Dist.), quoting *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.  A motion for a new trial that alleges newly discovered evidence must be filed within 120 days of the verdict.  Crim.R. 33(B).  Here, Petric moved for—and the trial court granted—leave to file an untimely motion for a new trial.  *See id.*

{¶9}    In his motion for a new trial, Petric argued he was entitled to a new trial based on newly discovered evidence.  However, Petric did not explain in his motion how the newly discovered evidence (1) would change the result of a new trial, (2) was material to the issues, (3)

was not merely cumulative to former evidence, or (4) did not merely impeach or contradict the former evidence. Nonetheless, the trial court reviewed the declaration and concluded that if it granted a new trial, this evidence would not change the results. The trial court noted that Dr. Gentile devoted a total of one paragraph within the entire 60 pages of documents to the analysis of Petric's case, and that the analysis appeared to be based upon "antidotal information" Petric had provided to Dr. Gentile. The trial court found the one paragraph analysis did "not bear on guilt or innocence nor attempt to posit a defense, but instead, [went] to mitigation, presumably for purposes of sentencing."

{¶10} Upon review, we conclude that the trial court did not abuse its discretion by denying Petric's motion for a new trial. In his declaration, Dr. Gentile states that "[i]t seems clear [Petric] would have been diagnosed with Gaming Disorder if the diagnosis had existed in 2007." However, a review of the declaration shows that Dr. Gentile's opinion was not based on a clinical evaluation, but rather on an affidavit Petric submitted wherein Petric "list[ed] almost every symptom of Gaming Disorder . . . ." At best, Dr. Gentile's one-paragraph analysis of Petric's self-reported symptoms is speculative. Moreover, Dr. Gentile expressly stated, "this information doesn't affect the seriousness of the crime and does not excuse it, it does help to explain it and provide context. *The court should consider this as relevant mitigating evidence*." (Emphasis added.).

{¶11} Petric also asserts the trial court abused its discretion by not holding an evidentiary hearing. However, he has failed to present an argument in support of this assertion. App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "As this Court has stated, 'merely setting forth conclusory statements' does not

satisfy an appellant's burden on appeal." *Pietrangelo v. Lorain Cty. Pr. & Pub. Co.*, 2017-Ohio-8783, ¶ 23 (9th Dist.), quoting *In re B.P.*, 2015-Ohio-48, ¶ 10 (9th Dist.).

**{¶12}** Petric's assignment of error is overruled.

### III.

**{¶13}** Petric's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

DANIEL PETRIC, pro se, Appellant.

ANTHONY CILLO, Prosecuting Attorney, and T. ALLAN REGAS, Assistant Prosecuting Attorney, for Appellee.